**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000116
15-MAY-2015
08:26 AM**

NO. CAAP-13-0000116

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROBERTA MALORI WILBORN, Petitioner-Appellant, v.
ANTWAN FRASIER, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1SS12-1-01200)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Petitioner-Appellant Roberta Malori Wilborn appeals from the Judgment filed on February 7, 2013 in the District Court of the First Circuit, Honolulu Division ("District Court").[1] The Judgment denied Wilborn's petition for an injunction against harassment against Respondent-Appellee Antwan Frasier and also awarded attorneys' fees to Frasier. At the time of the event that inspired Wilborn to file her petition, Frasier was the Resident Manager and Wilborn owned a unit at the Ala Wai Palms condominium in Waikiki.

On appeal, Wilborn contends that the District Court erred by (1) denying her petition for injunction when it erroneously assessed the evidence presented during the hearing, and (2) awarding attorneys' fees to Frasier pursuant to Hawaii Revised Statutes ("HRS") § 604-10.5(g) because the injunction should have been granted and because awarding attorneys' fees is against public policy in this case. In her reply brief, Wilborn

---

[1] The Honorable Hilary B. Gangnes presided.

contends that attorneys' fees were inappropriate under HRS § 607-14.5 because the District Court never found that her claim was frivolous.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve Wilborn's points of error as follows, and affirm:

The District Court did not err in denying Wilborn's request for an injunction against harassment. "Harassment" is defined as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury or assault" or "[a]n intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress." Haw. Rev. Stat. § 604-10.5(a) (Supp. 2012). Hawaiʻi law vests in district courts "the power to enjoin, prohibit, or temporarily restrain harassment." Haw. Rev. Stat. § 604-10.5(b) (Supp. 2012). "If the court finds by clear and convincing evidence that harassment as defined in paragraph (1) of that definition exists, it may enjoin for no more than three years further harassment of the petitioner[.]" Haw. Rev. Stat. § 604-10.5(g) (Supp. 2012).

A person requesting an injunction against harassment bears the burden of proving by clear and convincing evidence that a protective order should be issued. *Luat v. Cacho*, 92 Hawaiʻi 330, 343, 991 P.2d 840, 853 (App. 1999) (quoting *Coyle v. Compton*, 85 Hawaiʻi 197, 208, 940 P.2d 404, 415 (App. 1997)).

> The Hawaiʻi Supreme Court has stated that clear and convincing evidence is
>
> > an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases. It is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable.

*Id.* at 342, 991 P.2d at 852 (quoting *Masaki v. General Motors Corp.*, 71 Haw. 1, 15, 780 P.2d 566, 574 (1989)). Thus, Wilborn

bore the burden to prove by clear and convincing evidence to the District Court that it was highly probable that harassment existed.

In the opening brief, Wilborn cites to her own testimony and to the declaration and Medical-Legal Record and Sexual Assault Information Form ("Report") prepared by Dr. Wayne Lee of the Kapiolani Sex Abuse Treatment Center ("Center")[2] in support of her contention that the District Court erred by finding that the evidence she presented failed to clearly and convincingly prove her allegations. Wilborn was one of only two witnesses to testify during the hearing, and the only witness to testify about incidents allegedly involving Frasier.[3]

In denying Wilborn's petition, the District Court emphasized inconsistencies in her testimony and ultimately found that Wilborn was not credible:

> So I honestly cannot say what happened or if anything happened in that apartment that night, but Ms. Wilborn's credibility is seriously lacking with this Court. She tape records multiple conversations, but conveniently the one thing that could have put to rest in the Court's mind what happened in that apartment, a recording does not exist because her [telephone] battery died.
>
> She says she asked about charging it when she got in the apartment. Not credible. I mean, she's going from her apartment down – she doesn't – the Court has no problem with believing that she's had many issues with the condo association. And I have to say that there is definitely evidence that this condo association has acted heavy-handedly with others and possibly with Ms. Wilborn. But I'm not trying that case. I'm trying an injunction against harassment case that requires clear and convincing credible evidence. And it just doesn't exist here.
>
> &ast; &ast; &ast; &ast;
>
> It is not credible to the Court that she's afraid of this guy, who happens to be a resident manager, and then she goes to his place at 1 in the morning because she's desperate for a key. There was absolutely no reason for her to go to his place at 1 in the morning. . . .

---

[2] Dr. Lee's Report includes a detailed description of Wilborn's examination at the Center on October 18, 2012, and describes Wilborn's contentions relating to the alleged assault and her physical condition. The Report offers no conclusion, however, about the cause of Wilborn's condition or whether it was consistent with her contentions.

[3] Angel Miguel Mendias testified to the resistance he encountered from a man named Chris and another man in November 2010 when he tried to sublease the unit or a portion of the unit from Wilborn.

. . . .

> . . . I'm just saying that this is a witness who's got very serious credibility problems.  And because I can't believe a lot of what she says, I can't say that she's clearly and convincingly testified about a sex assault here, a non-consensual sex assault.
>
> You know, yes, there's medical evidence.  But I can't -- that's not the end of the story.  Something may or may not have happened involving Mr. Frasier.  I don't -- frankly[,] I can't really say that I'm convinced of what happened and who was involved.  So[,] I'm going to have to deny the petition for injunction against harassment.

"An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge." *Porter v. Hu*, 116 Hawai‘i 42, 60, 169 P.3d 994, 1012 (App. 2007) (quoting *State v. Eastman*, 81 Hawai‘i 131, 139, 913 P.2d 57, 65 (1996)).

Because the District Court found that Wilborn's testimony in support of her allegations was not credible, Wilborn failed to prove by clear and convincing evidence that it was highly probable that harassment existed.  Therefore, the District Court did not abuse its discretion by denying Wilborn's petition. *In re Guardianship of Carlsmith*, 113 Hawai‘i 211, 223, 151 P.3d 692, 704 (2006).

Wilborn also claims that the District Court erred by awarding Frasier attorneys' fees under HRS § 604-10.5(g) because the District Court erroneously assessed Wilborn's evidence and because public policy forbids the assessment of attorneys' fees against parties who prove their allegations.[4]  We conclude that the District Court did not abuse its discretion in awarding attorneys' fees under HRS § 604-10.5(g).  As explained above, because the District Court did not err in finding that Wilborn failed to prove her case, we need not decide whether awarding attorneys' fees against Wilborn for proving her allegations is against public policy.

---

[4]   We need not address Wilborn's argument that attorneys' fees were not warranted under HRS § 607-14.5 because (1) Frasier did not seek fees under HRS § 607-14.5, and (2) Wilborn did not raise the argument until she filed her reply brief.  *See State v. Mark*, 123 Hawai‘i 205, 230, 231 P.3d 478, 503 (2010); Haw. R. App. P. 28(d).

THEREFORE,

IT IS HEREBY ORDERED that the Judgment filed February 7, 2013, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, May 15, 2015.

On the briefs:

Terrance M. Revere and
Malia Nickison-Beazley
(Revere & Associates)
for Petitioner-Appellant.

John D. Zalewski and
Mark G. Valencia
(Case Lombardi & Pettit)
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

5